IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT SHUFORD, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 2:07CV1016-mht |
| | ) |
| CITY OF MONTGOMERY, | ) |
| | ) DEMAND FOR JURY TRIAL |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** Robert Shuford, Plaintiff, and for his complaint against Defendant and its agents and representatives (Defendant) and hereby complains as set forth herein below.

### NATURE OF THE CASE

1. This lawsuit is brought by Robert Shuford, (Plaintiff) seeking permanent relief from unlawful discriminating practices by Defendant. Plaintiff has been adversely affected by discrimination as a result of Defendant failing to remedy systemic employment discrimination on the basis of race, religion and retaliation. The practices committed, and continuing to be committed, by Defendant violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII") and retaliation.

### JURISDICTION

2. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, 42 U.S.C. Section 2000e and retaliation.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action.

1

4. Plaintiff timely files this action within ninety (90) days of receipt of his Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC).

## VENUE

5. Defendant is located and/or doing business within this judicial district (Middle District and the Northern Division of Alabama). This action is brought within the judicial district wherein the unlawful employment practices were committed and continue to be committed, making venue proper under 42 U.S.C. Section 2000(e)-5(f)(3), 28 U.S.C. Section 1391(b) and retaliation.

## PARTIES

6. The Plaintiff, Robert Shuford, hereinafter referred to as "Mr. Shuford" is a fifty-seven (57) year old African- American male resident of the United States and the State of Alabama, residing in Elmore County, Alabama. Plaintiff is a resident of this judicial district, and has been employed by Defendant at all times material hereto. Plaintiff is a member of the protected class for race, religion and retaliation within the meaning of Title VII. Plaintiff is also an employee of Defendant within the meaning of Title VII.

7. The Defendant, the City of Montgomery, hereinafter referred to as "City" is a municipality in the State of Alabama and is authorized to do business in the State of Alabama, and employs at least fifteen (15) persons and otherwise meets the jurisdictional prerequisites of Title VII.

## FACTUAL BACKGROUND

8.  Robert L. Shuford is a fifty-seven (57) year old black male. Mr. Shuford is employed by the City of Montgomery, Alabama (City).

9.  On or about June 5, 2006, Mr Shuford was suspended. His suspension was based on two charges. Mr. Shuford was suspended as a result of the March 9, 2006, disciplinary hearing. As per Notice of Suspension, Mr. Shuford was notified that, "This is to notify you that as of this date, you are herewith suspended without pay for a period of ten (10) working days on the first set of charges and fifteen (15) days on the second set of charges, effective June 6, 2006 through Jully11, 2006."

10. Mr. Shuford has also been discriminated against based on his religion. Mr. Shuford bases his discrimination of religion on the Free Exercise Clause of Freedom of Religion. Mr. Shuford was not allowed to read his bible during his personal time. Mr. Shuford never read his bible during work time. As a supervisor, Mr. Shuford did not have a set time to take breaks or lunch. Mr. Shuford informed Mr. Albright that he was on break, when he was reading his bible, but Mr. Albright insisted that he was not. Mr. Gaddis disciplined Mr. Shuford for reading his bible at Mr. Shuford's March 9, 2006, personnel hearing.

11. Mr. Shuford assisted Mark Jordan, Carl Lewis and Larry Fitzpatrick in statutorily protected actions they filed against the City. On or about 2004 and 2005, Mark Jordan filed EEOC charges. Before Mr. Jordan filed said charges, Mr. Jordan exercised his appeals rights at the City. Mr. Shuford was a witness in said statutorily protected activity. As a result of Mr. Shuford's participation in statutorily protected activity, he was retaliated against.

12.  Mr. Shuford was the president of the local union when Mr. Jordan attempted to file assault charges against Mr. Albright. As such, Mr. Shuford advised Mr. Jordan how to go about filing a charge against Mr. Albright. Mr. Jordan accused Mr. Albright of assaulting him. Mr. Jordan was informed that he could not file an action against another employee. After being given this information, Mr. Jordan informed Mr. Shuford. Mr. Shuford then called the union attorney. Afterwhich, the union attorney took Mr. Jordan to the City to file assault charges against Mr. Albright. Management was aware of Mr. Shuford's role in Mr. Jordan's situation. As late as a few months ago, Mr. Albright asked Mr. Shuford if he was still a part of the local union. Mr. Shuford answered Mr. Albright in the affirmative. Mr. Albright then said, "We (the City) no longer have to deal with the union after Mr. Jordan."

13.  Mr. Shuford wrote a letter for Carl Lewis at this personnel disciplinary hearing. Mr. Shuford testified for Mr. Lewis on March 7, 2005. Mr. Lewis was dismissed by the by the City. On March 6, 2006, management listed as one of its charges against Mr. Shuford in his upcoming March 9, 2006, personnel hearing the testimony that Mr. Shuford provided for Mr. Lewis. Mr. Lewis filed EEOC Charge No. 130-2005-06633 and a federal lawsuit. Mr. Shuford was named as a witness in Mr. Lewis' federal lawsuit, Case No: 2:06cv237-CSC.

14.  Mr. Shuford assisted Larry Fitzpatrick in his personnel hearing with the City. Mr. Shuford also wrote three (3) additional letters on behalf of Mr. Fitzpatrick.

15.  Mr. Shuford was also retaliated against when he assisted co-workers in their statutory rights to file charges and as a result of filing Charge Number: 420-2006-0264 with the Equal Employment Opportunity Commission (EEOC). As a result of

participating in these statutorily protected activities, Mr. Shuford continues to be retaliated against.

16. On January 30, 2007, Mr. Shuford received a written reprimand. The reason that the City gave Mr. Shuford was failure to take care of a personnel problem when Mr. Means requested to leave early on the afternoon of January 5, 2007. Mr. Shuford believes that the real reason he received this letter of reprimand was in retaliation for his participation in statutorily protected activity.

17. On January 5, 2007, Mr. Means came to Mr. Shuford at around 2:30 or 2:45 p.m. and stated that he (Mr. Means) didn't feel well and had a headache. Mr. Shuford informed Mr. Means that he didn't have much time on the books and asked Mr. Means if he could try to "tough" it out until 6:00 p.m., which is the end of the work day. However, at around 3:15 p.m., Mr. Means requested sick leave and Mr. Shuford informed Mr. Means that he could not approve his sick leave and that he (Mr. Means) had to get Mr. Royce Albright to approve his leave.

18. At that time, Mr. Means did not work directly for Mr. Shuford. Mr. Albright had informed Mr. Shuford and Mr. Wilson, who was Mr. Shuford's supervisor, that they could not approve Mr. Mean's leave, sick or any other type of leave.

19. However, on the day in question, Mr. Albright sent Mr. Means to Mr. Shuford to ask if there was going to be anyone that could stay until 6:00 p.m. Mr. Shuford sent Mr. Means back to Mr. Albright and instructed Mr. Means to inform Mr. Albright that he (Mr. Shuford) did not have anyone to stay until 6:00 p.m., because Mr. Huff and Mr. Lucky had plans for the evening. Mr. Huff and Mr. Lucky leave at 3:55p.m.

20. Additionally, all work stops at 3:45 p.m. to allow employees time to clean up and put away tools and equipment. Mr. Shuford instructed Mr. Huff, Mr. Lucky, and Mr. Means to secure all tools and clean up to go home. Further, Mr. Shuford informed Mr. Means that he could not go home until he spoke with Mr. Albright. Mr. Means waited until Mr. Albright came to the office and Mr. Albright told Mr. Means to go home.

21. All of the equipment was secured in the tire shop area and there were no trucks waiting for tire repair when Mr. Shuford and the other employees left the area. However, Mr. Albright accused Mr. Shuford of letting Mr. Means leave before his shift was over, and leaving the vehicles unsecured notwithstanding the fact that Mr. Albright was the last person to speak to Mr. Means and the last person in the auto light shop.

22. Additionally, there are two or three supervisors left in the vehicle maintenance management area two hours after Mr. Shuford leaves who are responsible for securing all keys to vehicles that are in the shop and securing the tire truck. Also, the truck that Mr. Albright stated was left in the shop on January 5, 2007, had not been in the tire shop for tires since December 11, 2006.

23. When Mr. Albright called Mr. Shuford into his office about the January 5, 2007, incident, Mr. Albright asked Mr. Shuford about his affiliation with the United Steel Workers Union. Mr. Albright further stated that the City was through dealing with them (United Steel Workers) after Mr. Jordan's case.

24. Mr. Shuford was ultimately received a written reprimand for the incident involving Mr. Means. This reprimand was in retaliation for his participation in statutorily protected activity.

## COUNT ONE

## RACE DISCRIMINATION - TITLE VII

25. Plaintiff adopts, realleges, and incorporates by reference paragraphs one through twenty-four above, the same as if more fully set forth herein, and further alleges, anew.

26. In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of his race, African-American, in violation of Title VII when it suspended Mr. Shuford on June 5, 2006, for 25 days, but did not discipline Roy Wilson, a similarly situated white male, as it did Mr. Shuford.

27. As a proximate consequence of the violations of Title VII based on race by Defendant, Plaintiff has suffered and will continue to suffer damage to his professional life, and current and future career opportunities. Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

## COUNT TWO

## RELIGION - TITLE VII

28. Plaintiff adopts, realleges, and incorporates by reference paragraphs one through twenty-seven above, the same as if more fully set forth herein, and further alleges, anew.

29. In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of his Religion in violation of the Free Exercise Clause of Freedom of religion when it would not allow Mr. Shuford to exercise his freedom of religion when it disciplined Mr. Shuford and would not allow him to read his bible on his personal time.

30. As a proximate consequence of the violations of Title VII based on religion by Defendant, Plaintiff has suffered and will continue to suffer damage to his professional life, and current and future career opportunities. Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

## COUNT THREE

## RETALIATION - TITLE VII

31. Plaintiff adopts, realleges, and incorporates by reference paragraphs one through thirty above, the same as if more fully set forth herein, and further alleges, anew.

32. In taking the above-described actions, Defendant intentionally retaliated against Plaintiff in violation of Title VII when Mr. Shuford assisted Mark Jordan, Carl Lewis and Larry Fitzpatrick in statutorily protected activities they filed against the City. The City further retaliated against Mr. Shuford after he (Mr. Shuford) filed and EEOC charge against the City (Charge number: 420-2006-0264) when it disciplined Mr. Shuford with a letter of reprimand for the incident with Mr. Means on January 5, 2007.

33. As a proximate consequence of the violations of Title VII based on retaliation, Plaintiff has suffered and will continue to suffer damage to his professional life, and current and future career opportunities. Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court grant the following:

(a) Assume jurisdiction over this action;

(b) A judgment declaring that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), et seq. based on race, religion and retaliation;

(c) A judgment ordering the Defendant to allow the Plaintiff early retirement from the City with full benefits.

(d) Attorney's fees;

(e) Costs;

(f) Prejudgment interest; and

(g) An award of such compensatory damages for any loss of wages, and loss of benefits, including, but not limited to, retirement pension benefits, mental anguish, emotional distress, and embarrassment, both past, present and future to which Plaintiff may be entitled; and such further, other and different legal or equitable relief as the Court may deem

appropriate to effectuate the purposes of Title VII, or which he may be entitled.

Respectfully submitted,

_____
Juraldine Battle-Hodge (BAT033)

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

_____
OF COUNSEL

**PLAINTIFF'S ADDRESS**

Mr. Robert Shuford
1175 Fitzpatrick Road
Wetumpka, AL 36092

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

10

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001204
Cashier ID: khaynes
Transaction Date: 11/19/2007
Payer Name: JURALDINE BATTLE HODGE PC
------------------------------------
CIVIL FILING FEE
 For: JURALDINE BATTLE HODGE PC
 Case/Party: D-ALM-2-07-CV-001016-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 1741
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

ROBERT SHUFORD V. CITY OF
MONTGOMERY
```