```
         IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
           MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

ROBERT SHUFORD,                )
                               )
     Plaintiff,                )
                               )    CIVIL ACTION NO.
     v.                        )    2:07cv1016-MHT
                               )         (WO)
CITY OF MONTGOMERY,            )
                               )
     Defendant.                )
```

OPINION AND ORDER

In an on-the-record pretrial conference held on January 12, 2009, plaintiff Robert Shuford's attorney informed this court that Shuford was not, in fact, bringing a particular claim of retaliation against defendant City of Montgomery that his complaint might implicitly have raised.  On January 15, 2009, Shuford filed a motion to amend those statements, requesting that the court consider the retaliation claim that he had just confirmed had not ben raised.  For the reasons given below, this motion will be denied.

Shuford's amended complaint clearly alleged three violations of Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. §§ 1981a, 2000e to 2000e-17. Count I alleged that the city suspended him, in January 2006, because of racial discrimination; Count II alleged that he suffered discrimination based on religion when he was prevented from reading his Bible at work; and Count III alleged that the city sent him a letter of reprimand, in January 2007, in retaliation for protected activities. However, in addition to this expressed claim, Count III of the amended complaint contained factual language that, if read quite broadly, could be viewed as including an un-asserted claim of retaliation: that the city suspended him, in January 2006, in retaliation for his protected activities.

Out of an abundance of caution, the city addressed this possible confusion in its motion for summary judgment, explaining, "While the Complaint and Amended Complaint only specifically allege that the letter of reprimand ... was a result of retaliation, there are other facts plead (sic) which could be read as being a result of retaliation." Def.'s M. Summ. J. 11. The city

2

then presented its arguments in favor of summary judgment on this potential claim of retaliation. In his response to the city's motion for summary judgment, however, Shuford did nothing to respond to the confusion engendered by his vague pleading or to the city's arguments; Shuford ignored the issue entirely.

At the pre-trial conference, the court specifically asked Shuford's counsel whether Shuford intended to bring a claim that the January 2006 suspension was retaliatory; she confirmed that Shuford was not bringing such a claim and that the only retaliation claim concerned the 2007 letter of reprimand.

On January 15, 2009, Shuford's attorney filed a motion to amend her statements. She asserted that Shuford did intend to bring a claim of retaliation based on the January 2006 suspension and asked that the court consider the complaint accordingly.

The court will not grant Shuford's motion for three reasons: First, Shuford has been given enough opportunities to clarify the basis for his retaliation

3

claim.  He could have made the claim clearly in his complaint; he even could have clarified the basis for his retaliation claim in his response to the motion for summary judgment.  He did not do so.  In fact, at pretrial, he clearly stated to the court that he was not bringing such a claim.

Second, even if Shuford had made this claim clearly in his complaint, his failure to support it in his response to the motion for summary judgment would mean that he had abandoned it.  See Brasseler, U.S.A I, L.P. v. Stryker Sales Corp. 182 F.3d 888, 892 (11th Cir. 1999) (affirming the "unremarkable proposition that assertions made in the pleadings[,] ... but not made in opposition to a motion for summary judgment, need not be considered by the district court ... in ruling on the motion for summary judgment"); Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994) (determining that district court properly treated as abandoned plaintiff's claim not

4

raised in plaintiff's motion for summary judgment or in opposition to defendant's motion for summary judgment.)

Third, this motion to amend was filed less than two weeks before the trial date in this case--February 2, 2009.  The deadline for amending complaints has long since passed.  The parties have filed motions in limine, exhibit lists, and witness lists.  Granting Shuford's motion to amend the statements made at pretrial would effectively allow him to amend his complaint at this very late date, substantially prejudicing the city by forcing it to prepare a trial defense to a claim that Shuford has not actually pled or argued up to this point.

****

Accordingly, it is ORDERED that plaintiff Robert Shuford's motion to amend (Doc. No. 37) is denied.

DONE, this the 23rd day of January, 2009

                                         /s/ Myron H. Thompson
                                     UNITED STATES DISTRICT JUDGE